Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/18/2016 09:09 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Douglas R. Lederer, respondent.
___ N.W.2d ___

Filed November 18, 2016.    No. S-16-982.

Original action. Judgment of disbarment.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy,
Kelch, and Funke, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, Douglas R. Lederer, on October
17, 2016. The court accepts respondent's voluntary surrender
of his license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the
State of Nebraska on April 1, 2005. On October 17, 2016,
respondent filed a voluntary surrender of license in which he
freely and voluntarily admitted that he had failed to create an
appropriate attorney trust account and that he had deposited
client advance fees into his personal checking account before
earning the fees. Respondent further stated that the Counsel
for Discipline was investigating respondent's conduct and
could seek disciplinary action against him. Respondent admit-
ted that by his conduct he violated the Nebraska Court Rules

- 130 -

Nebraska Supreme Court Advance Sheets
295 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. LEDERER
Cite as 295 Neb. 129

of Professional Conduct and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012). Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the suggested allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the suggested allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of

- 131 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
295 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. LEDERER
Cite as 295 Neb. 129

Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.